UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Ronald Dean Cantrell, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:19CV470 |
| ) | |
| v. ) | **TRIAL ORDER** |
| ) | |
| Charles McCoy, et al, ) | By: Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

**I.   SUMMARY**

Jury Trial Date:   August 30-31, 2021 at 9:30 a.m.

Location:   United States District Court
210 Franklin Road, S.W.
Roanoke, Virginia 24011

Deadlines:

| | |
|---|---|
| Deadline for Parties to Exchange Witness and Exhibit Lists | 35 days before trial |
| Deadline for Deposition Designations | 28 days before trial |
| Deadline for Motions *in Limine* | 28 days before trial |
| Deadline for Counterdesignations and Objections to Deposition Designations | 21 days before trial |
| Deadline to Exchange Jury Instructions and Special Interrogatories | 14 days before trial |
| Deadline to Subpoena Witnesses | 14 days before trial |
| Deadline for Objections to Counterdesignations | 14 days before trial |
| Deadline for Hearing on Motions *in Limine* and Other Pretrial Evidentiary Objections | 7 days before trial |
| Deadline for Submission of Jury Instructions, Special Interrogatories, the Statement of the Case, and Stipulations of Fact | 7 days before trial |
| Final Pretrial Conference | 7 days before trial[*] |

---

[*] The final pretrial conference will be held no sooner than two days *after* all motions *in limine* and deposition-designation objections become ripe.

The Court will issue a Transportation Order to Plaintiff's custodian requesting that Plaintiff be transported to the United States District Court, 210 Franklin Road SW, Roanoke, Virginia 24011, so that he may be present in Court on August 30-31, 2021.

## II.　FINAL PRETRIAL CONFERENCE

1. The parties shall contact Christel Kemp, by email (christelk@vawd.uscourts.gov) or telephone (540-857-5108), to schedule a final pretrial conference. The conference shall be held approximately 7 days before trial, but not sooner than two days *after* all motions *in limine* and deposition-designation objections become ripe.

## III.　PRETRIAL PROCEDURES AND MATTERS

2. The parties shall exchange and file via CM/ECF lists of trial exhibits and witnesses they expect to call in their case-in-chief at trial no later than 35 days before trial. For each witness, the list shall include the witness's name and address, as well as a summary of the witness's anticipated testimony.

3. Unless otherwise agreed by the parties, depositions, or portions thereof from persons not appearing at trial, may be read into the record only if a party files a designation no later than 28 days before trial. The opposing party may file counterdesignations and objections to designations no later than 21 days before trial. A party objecting to counterdesignations must file the objections no later than 14 days before trial. A deposition from a witness appearing at trial may not be read into the record unless (1) a party uses the deposition to impeach the witness; (2) the deponent was a designated Federal Rule of Civil Procedure 30(b)(6) representative; (3) the parties agree otherwise; or (4) the court grants leave to do so.

4. The parties must exchange proposed jury instructions and special-verdict interrogatories no later than 14 days before trial. Each party must then electronically file its proposed jury instructions and special verdict interrogatories through CM/ECF at least 7 days before trial, or at the final pretrial conference, whichever is earlier. Each jury instruction must be (1) contained on a separate, numbered page; and (2) submitted with a citation of authority in support of the instruction. Each party shall also email the proposed jury instructions and special-verdict interrogatories in Microsoft Word format to cullen.ecf@vawd.uscourts.gov. If one party objects to the opposing party's proposed instructions or special verdict interrogatories, the objecting party shall include its objections with its proposed instructions and special-verdict interrogatories in its own CM/ECF filing.

5. Counsel must subpoena all witnesses at least 14 days before trial. The court may elect not to enforce or—if requested—quash subpoenas not issued in compliance with this deadline.

6. For jury trials, the parties must jointly submit a proposed statement of the case. The court will read the statement to the jury during voir dire. The statement must briefly summarize all the plaintiff's claims, defendants' defenses, and any counterclaims and crossclaims. The statement may not exceed 5 pages. The parties must email the statement in Microsoft Word format to cullen.ecf@vawd.uscourts.gov no later than 7 days before trial or before the final pretrial conference, whichever is earlier.

7. The court encourages the parties to enter into stipulations of fact on uncontested matters and requires the parties to confer in good faith—at length if necessary—to resolve

objections to witnesses, exhibits, and deposition designations. The parties must file the stipulations of fact no later than 7 days before trial, or before the final pretrial conference, whichever is earlier. The parties must be prepared to report disagreements on any stipulations of fact at the final pretrial conference.

### IV.     MOTIONS *IN LIMINE*

8. The parties must file any motions *in limine* no later than 28 days before trial.

9. The parties shall brief motions *in limine* on an expedited basis. The nonmovant's opposition brief is due no later than 7 days after service of the motion, and the movant's reply brief, if any, is due 3 days after service of the opposition brief.

10. Motions *in limine* must be set for hearing no later than the date of the final pretrial conference. The hearing date for motions *in limine* and the final pretrial conference may coincide.

### V.     TRIAL

11. *Date*. This case is set for a jury trial, scheduled to begin at 9:30 a.m. on August 30, 2021.

12. *Bifurcation*. The court will determine bifurcation of the trial on a case-by-case basis, with input from the parties. The court will not bifurcate short, noncomplex trials absent good cause.

13. *Jury Selection*. The jury will generally consist of 7 persons. All members of the jury venire will be subjected to voir dire and the jury will be selected immediately prior to trial using the struck-jury method. A list of the jurors to be called for the case will be sent to counsel by the clerk approximately one week prior to trial. The attorneys are permitted to conduct voir dire after preliminary questions from the court. The court's preliminary voir dire will

solicit any requests from jurors to be excused from jury duty on the ground of hardship or for circumstances surrounding the COVID-19 pandemic, and the court will rule on such requests immediately. Counsel may obtain the court's preliminary voir dire from chambers. Attorneys' voir dire must be limited to relevant questions and not consist of disguised argument on the merits of the case, nor should counsel ask any questions encompassed in the court's preliminary voir dire. Following voir dire, any party bringing a challenge for cause should inform the court that a matter outside of the jury's presence must be heard. After the court rules on any challenges for cause, the parties will alternate written strikes on a single jury list. The number of strikes will depend on the remaining members of the panel, but each party will be afforded at least 3 strikes as required by law.

14. *Preliminary Jury Instructions*. After swearing in the jury, the court will give preliminary jury instructions. The court will employ standard preliminary and final instructions, which counsel may obtain from chambers. The court will tell the jurors that they are permitted to take notes but are not permitted to ask questions.

15. *Opening Statements*. Opening statements must objectively summarize the key facts, without argument. In most cases, an opening statement should not exceed 20 minutes. Counsel must share with opposing counsel any demonstrative exhibit or screen that counsel proposes to display to the jury as part of opening statements.

16. *Exhibits*. The court will assume that counsel has previously disclosed all exhibits and that there are no objections to an exhibit unless made prior to trial. Exhibits and matters not previously disclosed by counsel shall not be used at trial, except with appropriate leave of court sought and obtained prior to opening statements. Parties are expected to provide

their evidence to the court in an electronic format, and counsel is expected to coordinate with the clerk's office to facilitate this process. All evidence must be submitted in an electronic format to the clerk's office at least 7 days prior to trial. Each party must also provide chambers with two copies of all its exhibits, contained in tabbed binders, at least 7 days prior to trial.

17. *Questioning and Approaching Witnesses*. Counsel must question witnesses from the lectern. Counsel may approach a witness with leave of court to hand the witness a document but should promptly return to the lectern.

18. *Exclusion of Witnesses*. Counsel shall make requests for the exclusion of witnesses before opening statements. Although witness exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, counsel may not disclose any courtroom testimony to excluded witnesses.

19. *Witnesses*. Witnesses should be released as soon as they are no longer needed. After testifying, a witness is deemed released unless counsel or the court promptly indicates that the witness is not excused. Cooperative witnesses not immediately needed may be placed "on call," but counsel remains responsible for having enough available witnesses so that the trial may proceed without early adjournments or lengthy recesses. Plaintiff's counsel should keep defense counsel advised of the progress of the case so that the defense may be ready to proceed promptly following the conclusion of the plaintiff's case in chief.

20. *Objections*. All objections and other remarks to the court must be made while standing. Objections must be succinct. Bench conferences are discouraged and argument outside of the presence of the jury will normally take place during regular recesses or before or

after trial sessions. Generally, objections made by one co-party will be deemed to have been made on behalf of all co-parties, unless a co-party opts out of the objection.

21. *Cross-examination.* When there are multiple parties, counsel is responsible for coordination of cross-examination. Repetitive cross-examination is not permitted.

22. *Jury Charge.* Prior to closing arguments, the court will conduct a charge conference and advise counsel of the substance of the jury charge. The court will deliver the charge after closing arguments and before jury deliberations. Counsel will be given an opportunity to make any objections to the charge on the record.

23. *Jury Deliberations.* In most cases, the court will send the jury with a written copy of the charge for the jury's reference during deliberations. The court will instruct the jury that during deliberations, it may request any of the exhibits. Counsel is expected to remain in the courthouse during jury deliberations. Following the trial, counsel may not discuss the case with jurors without leave of the court.

## VI. SETTLEMENT

24. If the case settles before trial and the court does not receive a proposed final order within 30 days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice.

**IT IS SO ORDERED.**

ENTERED this 28th day of July, 2021.

                                        */s/ Thomas T. Cullen*
                                        HON. THOMAS T. CULLEN
                                        UNITED STATES DISTRICT JUDGE